**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**MIDVALE PAPER BOX COMPANY,** :
    **INC.,**
                                     :
    **Plaintiff**                  **CIVIL ACTION NO. 3:20-0022**
                                     :
    **v**
                                     :        **(JUDGE MANNION)**
**CINTAS CORPORATION d/b/a**
**CINTAS FIRE PROTECTION,**       :
    **Defendant**                :

**MEMORANDUM**

Presently before the court is a motion filed by the defendant Cintas Corporation ("Cintas") to dismiss or strike the plaintiff Midvale Paper Box Company, Inc.'s ("Midvale") request for punitive damages. (Doc. 16). For the reasons set forth below, the motion will be **DENIED**.

**I.    STANDARD**

Cintas's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P.12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can granted. Dismissal should only occur where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the

complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotel and Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir. 1998) (citing *ALA, Inc. v. CCair, Inc.,* 29 F.3d 855, 859 (3d Cir. 1994)).

In deciding a motion to dismiss, a court should generally consider only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which plaintiff has identified as the basis of his claim. *See Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

It must also be remembered that when considering a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits of his claim, but only whether he is entitled to offer evidence in support of them. *Scheuer v. Rhodes,* 416 U.S. 233, 236 (1974).

In the alternative, Cintas seeks to have the request for punitive damages stricken. Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P.12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief." *Delaware Health*

*Care, Inc. v. MCD Holding Co.,* 893 F.Supp. 1279, 1291-92 (D.Del. 1995). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

"District Courts are afforded 'considerable discretion' when addressing a motion to strike. Generally, motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Charleston v. Salon Secrets Day Spa, Inc.,* No. 08–5889, 2009 WL 1532050, at *2 (E.D.Pa. June 1, 2009) (internal citation and quotation marks omitted).

**II.    DISCUSSION**

In its Amended Complaint, (Doc. 11), Midvale alleges it is a tenant on the basement floor of a warehouse owned by Back Spin Seating, which entered into a contract with Cintas to repair and replace the damaged sprinkler system "from underground to line piping" in the warehouse. (Doc. 11, at 2). Midvale contends that, in doing so, Cintas removed thrust block rods, which supported the sprinkler system's pipes and, recklessly disregarding the age of the building, it improperly replaced them with "megalug" pipe joint restraints. Midvale alleges that Cintas knew or had reason to know that the megalug restrains alone were not sufficient to

stabilize the pipes, and that Cintas failed to properly inspect the piping system.

After Cintas completed its work, Midvale alleges a pipe fitting failed, resulting in the basement being flooded with approximately 16 inches of water over an area of about 46,000 square feet. Midvale brought this single-count negligence action against Cintas, asserting that the flooding extensively damaged its inventory and equipment and requested $1,070,000.00 in damages. Additionally, because Midvale argues that Cintas's actions were "outrageous and/or undertaken with a reckless indifference," (Doc. 11, at 4), Midvale argues it is entitled to punitive damages.

In its present motion, Cintas argues that Midvale's request for punitive damages should be dismissed or stricken because none of Midvale's allegations, if true, demonstrate that Cintas acted so outrageously as to justify punitive damages.

Federal courts sitting in diversity cases apply federal procedural and state substantive law. *Hanna v. Plumer,* 380 U.S. 460, 465 (1965) (citing *Erie R.R. v. Tompkins,* 304 U.S. 64 (1938)). Pennsylvania's substantive law must therefore apply here regarding the issue of punitive damages.

Under Pennsylvania law, punitive damages may be awarded only for conduct that is especially egregious or outrageous. *Martin v. Johns-Manville Corp.,* 494 A.2d 1088, 1096-97 (Pa. 1985). Punitive damages are

appropriate to punish and deter only extreme behavior and, even in the rare instances in which they are justified, are subject to strict judicial controls. The conduct must evince the defendant's evil motive or reckless indifference to the rights of others. *Chambers v. Montgomery,* 192 A.2d 355, 358 (Pa. 1963). The phrase "reckless indifference to the interests of others" has sometimes been referred to as "wanton misconduct," which means that "the actor has intentionally done an act of an unreasonable character, in disregard to a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." *McClellan v. HMO,* 413 Pa.Super. 128, 604 A.2d 1053, 1061 (Pa.Super. 1992) (quoting *Evans v. Philadelphia Transp. Co.,* 212 A.2d 440, 443 (Pa. 1965)).

    Pennsylvania has adopted §908 of the Restatement (Second) of Torts and accompanying comments regarding the imposition of punitive damages. Section 908(2) provides:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff, that the defendant caused or intended to cause and the wealth of the defendant.

Restatement of Torts (Second) §908(2).

The Pennsylvania Supreme Court has stated that "[the] assessment of punitive damages [is] proper when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct, and are awarded to punish that person for such conduct." *SHV Coal, Inc. v. Continental Grain Co.,* 587 A.2d 702, 704 (Pa. 1991). Punitive damages may not be awarded for misconduct, "which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment." *Martin,* 494 A.2d at 1097.

At this stage of the proceedings, it is unclear whether Midvale will be able to prove its claims regarding punitive damages. However, that is not the issue, here, on a motion to dismiss. For purposes of the instant motion to dismiss, Midvale has sufficiently alleged claims for punitive damages, such that the court will allow it to proceed.[1] Accordingly, the court will **DENY** Cintas's motion to dismiss or strike the request for punitive damages.

An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: March 2, 2021**
20-22-01

---

[1] Having denied Cintas's motion on the merits, the court does not reach Midvale's arguments regarding the timeliness of Cintas's motion.