UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIDVALE PAPER BOX COMPANY, INC.,** : | |
| Plaintiff : | CIVIL ACTION NO. 3:20-0022 |
| v : | |
| : | (JUDGE MANNION) |
| **CINTAS CORPORATION d/b/a CINTAS FIRE PROTECTION,** : | |
| Defendant/Third Party Plaintiff : | |
| and : | |
| **CUSTOM SEATS, INC. d/b/a BACKSPIN SEATING,** : | |
| Third Party Defendant : | |

## **MEMORANDUM**

Presently before the court is third-party plaintiff Cintas Corporation's ("Cintas") third-party complaint against third-party defendant Custom Seats, Inc. ("Custom Seats"). (Doc. 19). Because the third-party complaint fails to adequately establish that the court has subject matter jurisdiction over this action, the court will dismiss the third-party complaint without prejudice to Cintas amending it to adequately plead subject matter jurisdiction.

I.   BACKGROUND

The original plaintiff, Midvale Paper Box Company, Inc. ("Midvale"), commenced the above-captioned action against Cintas on January 6, 2020 on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. Subsequently, on March 16, 2020, Cintas filed a third-party complaint against Custom Seats. (Doc. 19). On March 24, 2021, the original suit between Midvale and Cintas settled and was dismissed with prejudice. (Doc. 63).

Cintas' third-party complaint against Custom Seats alleges that Cintas is a "corporation organized and existing under the laws of the State of Ohio that has a place of business at 114 Center Point Boulevard, Pittston, Pennsylvania 18640." (Doc. 19 at ¶1). It further avers that Custom Seats "is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania" with "a principal place of business at O'Neill Drive, Moosic, Pennsylvania." *Id*. at ¶2.

In response to the third-party complaint, Custom Seats asserted cross-claims against Cintas. (Doc. 23). Cintas and Custom Seats have subsequently filed cross-motions for summary judgement, supplemented with supporting briefs. (Docs. 64-66, 70).

## II. DISCUSSION

"A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*." *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir.1999). "When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed.R.Civ.P. 12(h)(3). The party asserting federal jurisdiction, moreover, bears the burden of showing that the case is properly before the court at all stages of the litigation. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (*citing* *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). Federal complaints must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed.R.Civ.P. 8(a)(1).

If the jurisdictional error is simply a technical error in the notice, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. §1653. "Section 1653 gives both district and appellate courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." *USX Corp. v. Adriatic Ins.*

Co., 345 F.3d 190, 204 (3d Cir. 2003). Although an amendment after the 30 day filing period may not allege new grounds for jurisdiction, it may be allowed to cure technical deficiencies. *See, e.g.,* Xia Zhao v. Skinner Engine Co., Civ. Action No. 11–7514, 2012 WL 1758145, at *2 (E.D. Pa. 2012).

Cintas filed its third-party complaint against Custom Seats prior to the settlement of the action between the original litigants. (Docs. 19, 63). While the third-party complaint does not include a statement identifying the basis of federal jurisdiction, it contains allegations suggestive of the propriety of the court's ancillary jurisdiction, premised on the court's diversity jurisdiction over the original action between Midvale and Cintas.

However, since the action between the original litigants has been settled and dismissed with prejudice, the court must now consider whether it has an independent basis for federal jurisdiction over Cintas' third-party action against Custom Seats. The third-party complaint, which consists of claims of breach of contract, indemnity, and declaratory judgment, does not involve a question of federal law.[1] The court thus proceeds to examine

---

[1] Cintas' third-party complaint seeks judgment against Custom Seats pursuant to Fed.R.Civ.P.14(c)(2). (Doc. 19 at ¶¶30, 36, 41). However, Fed.R.Civ.P.14(c) is limited to "Admiralty or Maritime Claims." Fed. R. Civ. P. 14(c). District courts have exclusive original jurisdiction in "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are entitled." 28 U.S.C. §1333(1). To the extent Cintas seeks to bring a third-party claim under admiralty jurisdiction, it has failed to plead or invoke admiralty jurisdiction.

whether it has subject matter jurisdiction over the third-party complaint on the basis of diversity.

Federal district courts have diversity jurisdiction over cases where the action involves citizens of different states and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. §1332(a). In cases premised on diversity of citizenship, there must be complete diversity between plaintiffs and defendants. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In such cases, a plaintiff's failure to allege citizenship is fatal. *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977) (*citing Thomas v. Bd. of Trs.,* 195 U.S. 207, 211 (1904)). A district court may not overlook such a defect, even where parties fail to raise it or consent to have it waived. *Id*.

Here, Cintas and Custom Seats is each identified as a corporation. A corporation is considered a citizen of both the state "by which it has been

---

In the Third Circuit, "[t]o invoke admiralty jurisdiction...a plaintiff must affirmatively insert a statement in the pleadings identifying the claim as an 'admiralty or maritime claim.'" *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 73 (3d Cir. 1996) (*quoting* Fed. R. Civ. P. 9(h); *Bodden v. Osgood,* 879 F.2d 184, 186 (5th Cir.1989)). Neither the original plaintiff Midvale's amended complaint nor Cintas' third-party complaint mentions an admiralty or maritime claim. Moreover, the underlying flooding incident which gave rise to this action and the instant third-party complaint's claims of breach of contract and indemnity do not implicate a "traditional maritime activity." *Sisson v. Ruby,* 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990).

incorporated" and the state "where it has its principal place of business." 28 U.S.C. §1332(c)(1). A corporation can only have one principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." S. Freedman & Co., Inc. v. Raab, 180 F. App'x. 316, 320 (3d Cir. 2006); Heinz Corp. v. Friend, 559 U.S. 77, 130 (2011). To properly invoke diversity jurisdiction, a plaintiff is required to allege where a corporation maintains its principal place of business. Raab, 180 F. App'x at 320; see also, Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.").

Here, Cintas has not adequately demonstrated the citizenship of the third-party litigants for subject matter jurisdiction purposes. The third-party complaint only alleges that Cintas is an Ohio corporation that "has a place of business" in Pennsylvania and Custom Seats is a Pennsylvania corporation "with a principal place of business" in Pennsylvania. (Doc. 19 at ¶¶1,2). However, an allegation of where a corporation has "a place of business" or "a principal place of business" does not adequately plead where the corporation has "its principal place of business" for diversity of citizenship purposes. See J & R Ice Cream Corp. v. California Smoothie Licensing, 31 F.3d 1259, 1265 n. 3 (3d Cir. 1994) (concluding that a complaint did not properly plead

- 6 -

diversity jurisdiction where it stated "a" principal place of business in New Jersey, thus leaving open the possibility that it had "its" principal place of business in Florida); *see also*, *Raab*, 180 F. App'x at 320 (affirming district court's dismissal of a complaint for lack of subject matter jurisdiction where the complaint alleged where the plaintiff corporation had "a principal place of business," rather than "its principal place of business"). Cintas, moreover, did not allege that its citizenship is diverse from that of Custom Seats.

Diversity of citizenship is therefore not apparent from Cintas' pleadings. Moreover, it does not appear that the record cures the deficiency. *See Raab, 180 Fed.Appx. at 321* ("It is well established that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.")*(citing* 5 C. Wright & A. Miller, Federal Practice and Procedure §1206, at 78–79 (1969 & Supp.2005) (citations omitted); *Thomas v. Board of Trustees, 195 U.S. 207, 210 (1904)*; *Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982)*).

### III. CONCLUSION

Because the Court cannot determine whether subject matter jurisdiction exists, Cintas' third-party complaint is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, pursuant to 28 U.S.C. §1653, Cintas will be given an opportunity to amend its third-party complaint to adequately allege the existence of subject matter jurisdiction. Cintas will be granted twenty-one (21) days in which to file an amended complaint.

An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 14, 2022**
20-22-02